ABELSON v. GOLDSTONE et al.

(Supreme Court, Appellate Term. April 10, 1907.)

MASTER AND SERVANT—WRONGFUL DISCHARGE—ACTION—EVIDENCE.
    In an action by a servant against the master, evidence *held* to sustain a finding that plaintiff was not discharged, but left the employment of his own accord.

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Action by George H. Abelson against Julius Goldstone and others. From a judgment in favor of defendants, plaintiff appeals. Affirmed in part, and in part reversed.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and ERLANGER, JJ.

David Goldstein, for appellant.
Jacob Rieger, for respondents.

ERLANGER, J. This action was brought to recover the sum of $24 for work, labor, and services. The answer is a general denial. Plaintiff testified that he was employed by defendants' foreman at a salary of $24 per week; that after working two days he was discharged; that $4 was tendered to him for the time he actually worked; which he declined to accept; and the $24, which he demanded, was refused. The foreman for the defendants testified that he hired plaintiff at $12 per week, and said to him at the time that if he exhibited skill he would be paid more. Plaintiff began his employment on Thursday, and on Friday following the witness discovered that he (plaintiff) cut seven garments out of the wrong material and made other mistakes. There was an argument, and plaintiff thereupon took his hat and coat and left, and on Saturday appeared for his wages. On this evidence judgment

was awarded to the defendants, and we are not inclined to interfere with this determination.

But the trial court rendered affirmative judgment in favor of defendants for $14 on their counterclaim. No proof was offered on which a money judgment in favor of defendants could be predicated, and it appears from respondents' points that upon discovering that such a judgment had been entered their counsel at once offered to satisfy the same. The letter written to counsel for appellant is annexed to the points. This offer was a fair one, and, while its acceptance could not be compelled, it should have been accepted; for, in the state of the record, appellant having left of his own accord, as found by the trial court, his hope of success on this appeal was made to depend wholly upon the judgment on the counterclaim, which respondents were willing either to satisfy or to have vacated by order of the court in which it was rendered.

We are of the opinion that the judgment for defendants should be modified by affirming it in so far as it relates to plaintiff's claim, and reversing it in so far as it concerns the counterclaim, without costs to either party. All concur.